**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **ROBERT MARTIN,** | **CASE NO. 1: 17 CV 2195** |
| Plaintiff, | **JUDGE CHRISTOPHER A. BOYKO** |
| v. | |
| | **OPINION AND ORDER** |
| **CASHIER RAMEY**, *et al.*, | |
| Defendants. | |

**CHRISTOPHER A. BOYKO, J.:**

*Pro se* Plaintiff Robert Martin, a prisoner incarcerated in the Grafton Correctional Institution and serving a life sentence for murder, has filed an *in forma pauperis* Complaint in this action pursuant to 42 U.S.C. § 1983 against the prison cashier and multiple prison employees and officials. (Doc. No. 1.) He alleges Defendants were deliberately indifferent to his medical needs and have taken his property (money for various charges made to his prison account) without due process of law.

Under the three strikes rule set out in 28 U.S.C. § 1915(g), a prisoner may not bring a civil action or appeal *in forma pauperis* if he has on three or more prior occasions while incarcerated brought a federal court action or appeal that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted, unless the prisoner demonstrate he was under "imminent danger of physical injury" at the time his Complaint was filed. 28 U.S.C. § 1915(g); *Rittner v. Kinder*, 290 F. App'x 796, 797–98 (6th Cir. 2008).

Plaintiff is a frequent filer in federal court with far more than three prior actions or appeals that were dismissed under 28 U.S.C. § 1915(e) as frivolous, malicious, or for failure to state a claim. *See e.g., Martin v. PNC Capital Investment Advisors, et al.*, Case No. 16 CV 1828 (N.D. Ohio Sept. 7, 2016) (citing prior dismissed federal cases brought by Martin).

Further, the Court does not find Plaintiff qualifies for the imminent danger exception to the three strikes rule. His allegations regarding charges he was required to pay from his prisoner account do not plausibly suggest he was in imminent danger of physical harm at the time he filed his Complaint. Nor do his allegations regarding his medical care. Plaintiff complains of transfers and the treatment he has received over many years for persistent, on-going chronic medical conditions, including a cataract condition. While his allegations suggest he has not received the treatment he desired, they do not reasonably suggest he was exposed to imminent danger of physical injury at the time he filed his Complaint. The threat of serious physical injury "must be real and proximate." *Rittner*, 290 F. App'x at 797. Past allegations of danger, as well as allegations that are conclusory, ridiculous, or "clearly baseless" do not suffice to allege imminent harm. *Id*.

Accordingly, this case is subject to dismissal under 28 U.S.C. § 1915(g). Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. Nos. 2 and 4) is therefore denied, and this action is dismissed without prejudice under § 1915(g). If Plaintiff wishes to re-file this case, he must pay the full filing fee of $400 and file a Motion to Re-Open within thirty (30) days of this Order. The Clerk's Office is directed not to accept a Motion to Re-Open unless it is accompanied by the full filing fee. No other documents will be accepted for filing unless the entire filing fee is paid and the Motion to Re-Open is granted.

The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

                                                  **s/ Christopher A. Boyko**
                                                  **CHRISTOPHER A. BOYKO**
                                                  **United States District Judge**

**Dated:** March 8, 2018